# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin P. Fitzgerald,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Freightliner of Arizona LLC,<br><br>　　　　　Defendant. | No. CV-17-04601-PHX-JJT<br><br>**ORDER** |

　　　At issue are Defendant's Motion to Strike Plaintiff's Responsive Statement of Facts (SOF) (Doc. 49), to which Plaintiff filed a Response (Doc. 52) and Defendant filed a Reply (Doc. 56); and Plaintiff's Motion (Doc. 53) for leave to file an expanded SOF supporting his Response to Defendant's Motion for Summary Judgment (MSJ), to which Defendant has filed a Response in opposition (Doc. 57). The Court will not await a reply from Plaintiff, as Plaintiff's Motion is duplicative of his response in opposition to Defendant's motion to strike.

　　　Defendant's SOF in support of its MSJ was just over six pages long. Plaintiff's Responsive SOF was thirty-three pages—about five times as long. Plaintiff took more than the Court's ten-page limit—in fact fourteen pages—just to respond to Defendant's facts. He then took another nearly twenty pages to lay out what he urges are all essential controverting facts. This is precisely what the Court sought to avoid when it imposed the ten-page limit for statements of fact and responsive statements of fact—a lack of consideration, scrutiny and exercise of clear-eyed judgment by counsel as to what are essential statements of fact in support of or in opposition to an MSJ. Plaintiff's Responsive

SOF is over three times the length allowed by the Court absent permission for expansion. In fact, even Plaintiff's Motion asking for extra pages came in at eight pages, making it longer than Defendant's entire statement of facts. Moreover, and finally, Plaintiff's Motion to allow an oversized Responsive SOF was entirely duplicative of the issue already laid before the court in Defendant's Motion to Strike and Plaintiff's response thereto. This filing needlessly multiplied the attorneys' work in briefing an issue again and the Court's commitment of scarce time in considering both motions. That's not the way this works.

Plaintiff's cause of action, while serious, is also straightforward, centering on a discrimination claim as set forth in the Complaint's three related claims. Litigants in this Court regularly file SOFs in compliance with the Court's page limitation in matters with more complex and varied claims. Nonetheless, the Court accepts that some additional page space may be necessary in specific cases. It will allow Plaintiff in this matter to reformulate and resubmit a Responsive SOF of up to 14 pages—just over double the length of Defendant's SOF—and commensurately resubmit his response to the MSJ which relies on that SOF. That is more than enough page space to amply state the operative facts on which the summary judgment determination turns under the circumstances.

IT IS ORDERED granting Defendant's Motion to Strike Plaintiff's Responsive Statement of Facts (Doc. 49).

IT IS FURTHER ORDERED granting in part and denying in part Plaintiff's Motion for leave to file an expanded Responsive Statement of Facts (Doc. 53). Plaintiff may file a Responsive Statement of Facts, which complies with all applicable local rules of practice, including not exceeding prescribed font size, of up to 14 pages, as well as an Amended Response to the Motion for Summary Judgment, on or before July 5, 2019.

Dated this 19th day of June, 2019.

Honorable John J. Tuchi
United States District Judge